**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| EVERS PHARMACY INC., d/b/a DAUBER PHARMACY, et al., | § | |
| Plaintiffs, | § | |
| v. | § | Case No. 3:22-cv-2156 |
| OPTUMRX, INC. successor by merger to Catamaran Corporation, and OPTUMRX, INC. in its own right, | § | Removed from the Twentieth Judicial Circuit Court, St. Clair County (Case No. 22 LA 0662) |
| Defendant. | § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant OptumRx, Inc. files this Notice of Removal of this action from the Circuit Court of St. Clair County, Illinois, where it is currently pending, to the United States District Court for the Southern District of Illinois, East St. Louis Division.

As explained below, this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity and the amount in controversy exceeds $75,000, among all properly joined[1] Plaintiffs. This Court lacks personal jurisdiction over OptumRx with respect to certain Plaintiffs' claims, and those Plaintiffs should be ignored for purposes of the subject-matter jurisdiction analysis. *See BeRousse v. Janssen Research & Dev., LLC*, 2017 WL 4255075, at *2–*5 (S.D. Ill. Sept. 26, 2017) (dismissing claims for lack of personal jurisdiction before addressing subject-matter jurisdiction).

[1] OptumRx refers in this Notice of Removal to "properly joined" Plaintiffs as Plaintiffs over whose claims this Court does not lack personal jurisdiction with respect to OptumRx. OptumRx reserves its right to argue that Plaintiffs are misjoined for other reasons.

By filing this Notice of Removal, OptumRx does not waive, and expressly reserves, any rights, claims, actions, defenses, arguments, or set-offs to which it is or may be entitled in law or at equity, including but not limited to those relating to the arbitrability of this dispute, and any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure. OptumRx also reserves the right to supplement and/or amend this Notice of Removal.

In further support of this Notice of Removal, OptumRx states as follows:

## I. BACKGROUND

1. Most of the Plaintiffs in this action are already involved in a dispute with OptumRx regarding the arbitrability of their claims, including in the United States District Court for the Central District of California and the California Superior Court, County of Orange. *See OptumRx, Inc. v. A & S Drugs LLC, et al.*, No. 8:22-cv-00468-FLA (C.D. Cal.); *OptumRx v. Odedra Enters., Inc., et al.*, No. 30-2022-01252611-CU-PT-CJC (Cal. Sup. Ct.). In addition, several Plaintiffs' disputes are already being litigated in the United States District Court for the Middle District of Pennsylvania. *See Robert D. Mabe, Inc., et al. v. OptumRX*, No. 3-17-cv-01102-MEM (M.D. Pa.).

2. Plaintiffs filed a complaint on August 2, 2022 in the Circuit Court of St. Clair County, Illinois, entitled *Evers Pharmacy Inc. d/b/a Dauber Pharmacy, et al. v. OptumRx, Inc.* (the "Action").

3. The Complaint alleges 28 causes of action against OptumRx. *See* **Exhibit A**. Plaintiffs contend that OptumRx breached its contracts with Plaintiffs and violated state and federal laws by, among other things, paying Plaintiffs below-market prices for prescription drugs. *See, e.g.*, Compl. ¶¶ 99–109.

4. Plaintiffs served OptumRx with a summons and a copy of the Complaint on August 15, 2022. *See* **Exhibits A, C**. Accordingly, this removal is timely under 28 U.S.C. § 1446(b).

5. OptumRx is a citizen of California.

6. Plaintiffs include one entity, KM Network, Inc., that Plaintiffs suggest is a citizen of California. Compl. ¶ 44. However, because the Court lacks personal jurisdiction over OptumRx with respect to KM Network, Inc.'s claims, KM Network, Inc. is misjoined and the Court should ignore its citizenship for purposes of assessing diversity jurisdiction.

7. The remaining 90 Plaintiffs are citizens of states other than California based on Plaintiffs' allegations, Compl. ¶¶ 1–43, 45–91, corporate records, and other information.

8. Since no Plaintiff other than KM Network, Inc. (whose citizenship should be ignored) is a citizen of California, and since OptumRx is a citizen of California and no other state, complete diversity exists.

9. The amount in controversy for each properly joined Plaintiff's claims exceeds $75,000, exclusive of interest and costs.

10. For these reasons and the reasons set forth below, this Court has subject-matter jurisdiction over the claims of all properly joined Plaintiffs.

## II. GROUNDS FOR REMOVAL

11. This case is removable under 28 U.S.C. § 1332(a) and (c) and § 1441(a) and (b).

### A. The Properly Joined Parties Are Completely Diverse

12. OptumRx is a corporation. OptumRx is incorporated in the State of California and its principal place of business is in California. Because "what matters for the citizenship of a corporation is its state of incorporation and its principal place of business," *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018), OptumRx is a citizen of California and no other state.

13. Plaintiff KM Network, Inc. is alleged in the Complaint to be a corporation with a principal place of business located at 23693B Calabasas Road, Calabasas, CA 91302. However,

for the reasons discussed below in Section C, the Court does not have personal jurisdiction over OptumRx with respect to KM Network, Inc.'s claims. Accordingly, KM Network, Inc. is misjoined, and its citizenship should be ignored for purposes of the subject-matter jurisdiction analysis. *See, e.g.*, *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014) ("We have interpreted the diversity jurisdiction statute to require courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction."); *Gottlieb v. Westin Hotel Co*., 990 F.2d 323, 327 (7th Cir. 1993) (in determining diversity of citizenship, misjoined parties are disregarded).

14. Plaintiff 30 A Innovations LLC is an LLC. For purposes of determining diversity, the citizenship of an LLC is the citizenship of its members. *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 691 (7th Cir. 2016). On information and belief, Plaintiff 30 A Innovations LLC's member(s) are citizen(s) of Mississippi. Accordingly, Plaintiff 30 A Innovations LLC is a citizen of Mississippi. *Id.*

15. Plaintiff 3JB LLC is an LLC. On information and belief, its member(s) are citizen(s) of Pennsylvania. Accordingly, Plaintiff 3JB LLC is a citizen of Pennsylvania. *Id.*

16. Plaintiff 5 Guys Rx II LLC is an LLC. On information and belief, its member(s) are citizen(s) of Illinois. Accordingly, Plaintiff 5 Guys Rx II LLC is a citizen of Illinois. *Id.*

17. Plaintiff A & S Drugs LLC is an LLC. On information and belief, its member(s) are citizen(s) of Minnesota. Accordingly, Plaintiff A & S Drugs LLC is a citizen of Minnesota. *Id.*

18. Plaintiff AA Dispensary, Inc. is a corporation. It is incorporated in Pennsylvania and its principal place of business is in Pennsylvania. Accordingly, Plaintiff AA Dispensary, Inc. is a citizen of Pennsylvania. *Dalton*, 891 F.3d at 690.

19. Plaintiff Apoteka Compounding LLC is an LLC. On information and belief, its member(s) are citizen(s) of Arizona. Accordingly, Plaintiff Apoteka Compounding LLC is a citizen of Arizona. *RTP*, 827 F.3d at 691.

20. Plaintiff Baron's Pharmacy LLC is an LLC. On information and belief, its member(s) are citizen(s) of Minnesota. Accordingly, Plaintiff Baron's Pharmacy LLC is a citizen of Minnesota. *Id.*

21. Plaintiff Barron Hometown Pharmacy LLC is an LLC. On information and belief, its member(s) are citizen(s) of Wisconsin. Accordingly, Plaintiff Barron Hometown Pharmacy is a citizen of Wisconsin. *Id.*

22. Plaintiff Beauchamp & O'Rourke Inc. is a corporation. It is incorporated in Vermont and its principal place of business is in Vermont. Accordingly, Plaintiff Beauchamp & O'Rourke Inc. is a citizen of Vermont. *Dalton*, 891 F.3d at 690.

23. Plaintiff Belew Drugs Inc. is a corporation. It is incorporated in Tennessee and its principal place of business is in Tennessee. Accordingly, Plaintiff Belew Drugs Inc. is a citizen of Tennessee. *Id.*

24. Plaintiff Broad & Lehigh Pharmacy Inc. is a corporation. It is incorporated in Pennsylvania and its principal place of business is in Pennsylvania. Accordingly, Plaintiff Broad & Lehigh Pharmacy Inc. is a citizen of Pennsylvania. *Id.*

25. Plaintiff Coastal Medical Services LLC is an LLC. On information and belief, its member(s) are citizen(s) of Georgia. Accordingly, Plaintiff Coastal Medical Services LLC is a citizen of Georgia. *RTP*, 827 F.3d at 691.

26. Plaintiff Coastal Pharmacy Inc. is a corporation. It is incorporated in Georgia and its principal place of business is in Georgia. Accordingly, Plaintiff Coastal Pharmacy Inc. is a citizen of Georgia. *Dalton*, 891 F.3d at 690.

27. Plaintiff Community Drug Inc. is a corporation. It is incorporated in Wyoming and its principal place of business is in Wyoming. Accordingly, Plaintiff Community Drug Inc. is a citizen of Wyoming. *Id.*

28. Plaintiff Cumberland Vital Care LLC is an LLC. On information and belief, its member(s) are citizen(s) of Tennessee. Accordingly, Plaintiff Cumberland Vital Care LLC is a citizen of Tennessee. *RTP*, 827 F.3d at 691.

29. Plaintiff Custom Pharmacy Innovations Inc. is a corporation. It is incorporated in Texas and its principal place of business is in Oklahoma. Accordingly, Plaintiff Custom Pharmacy Innovations Inc. is a citizen of Oklahoma and Texas. *Dalton*, 891 F.3d at 690.

30. Plaintiff DEJ Inc. is a corporation. It is incorporated in Pennsylvania and its principal place of business is in Pennsylvania. Accordingly, Plaintiff DEJ Inc. is a citizen of Pennsylvania. *Id.*

31. Plaintiff Diamondhead Health Mart Pharmacy LLC is an LLC. On information and belief, its member(s) are citizen(s) of Mississippi. Accordingly, Plaintiff Diamondhead Health Mart Pharmacy LLC is a citizen of Mississippi. *RTP*, 827 F.3d at 691.

32. Plaintiff Elk River Pharmacy Inc. is a corporation. It is incorporated in Minnesota and its principal place of business is in Minnesota. Accordingly, Plaintiff Elk River Pharmacy Inc. is a citizen of Minnesota. *Dalton*, 891 F.3d at 690.

33. Plaintiff Evers Pharmacy Inc. is a corporation. It is incorporated in Illinois and, on information and belief, its principal place of business is in Illinois. Accordingly, Plaintiff Evers Pharmacy Inc. is a citizen of Illinois. *Id.*

34. Plaintiff Exton Pharmacy LLC is an LLC. On information and belief, its member(s) are citizen(s) of Georgia. Accordingly, Plaintiff Exton Pharmacy LLC is a citizen of Georgia. *RTP*, 827 F.3d at 691.

35. Plaintiff Family Prescription Counter is registered in Pennsylvania under a fictitious business name. On information and belief, its principal place of business is in Pennsylvania. Accordingly, assuming Plaintiff Family Prescription Counter's citizenship is relevant to the diversity jurisdiction analysis, Plaintiff Family Prescription Counter is a citizen of Pennsylvania.

36. Plaintiff Gerould's Professional Pharmacy Inc. is a corporation. It is incorporated in New York and its principal place of business is in New York. Accordingly, Plaintiff Gerould's Professional Pharmacy Inc. is a citizen of New York. *Dalton*, 891 F.3d at 690.

37. Plaintiff Gresham Professional Pharmacy is a corporation. It is incorporated in Oregon and its principal place of business is in Oregon. Accordingly, Plaintiff Gresham Professional Pharmacy is a citizen of Oregon. *Id.*

38. Plaintiff Gunnison Family Pharmacy & Floral is a corporation. It is incorporated in Utah and its principal place of business is in Utah. Accordingly, Plaintiff Gunnison Family Pharmacy & Floral is a citizen of Utah. *Id.*

39. Plaintiff H&S Pharmacies LLC is an LLC. On information and belief, its member(s) are citizen(s) of Illinois. Accordingly, Plaintiff H&S Pharmacies LLC is a citizen of Illinois. *RTP*, 827 F.3d at 691.

40. Plaintiff Hazle Drugs Inc. is a corporation. It is incorporated in Pennsylvania and its principal place of business is in Pennsylvania. Accordingly, Plaintiff Hazle Drugs Inc. is a citizen of Pennsylvania. *Dalton*, 891 F.3d at 690.

41. Plaintiff Homehealth Solutions Inc. is a corporation. It is incorporated in Georgia and its principal place of business is in Georgia. Accordingly, Plaintiff Homehealth Solutions Inc. is a citizen of Georgia. *Id.*

42. Plaintiff Inspire Pharmacy Inc. is a corporation. It is incorporated in North Dakota and its principal place of business is in North Dakota. Accordingly, Plaintiff Inspire Pharmacy Inc. is a citizen of North Dakota. *Id.*

43. Plaintiff Jack's Pharmacy Inc. is a corporation. It is incorporated in Idaho and its principal place of business is in Idaho. Accordingly, Plaintiff Jack's Pharmacy Inc. is a citizen of Idaho. *Id.*

44. Plaintiff Jana Pharmacy Inc. is a corporation. It is incorporated in Pennsylvania and its principal place of business is in Pennsylvania. Accordingly, Plaintiff Jana Pharmacy Inc. is a citizen of Pennsylvania. *Id.*

45. Plaintiff Jeff's Pharmacy Inc. is a corporation. It is incorporated in Maryland and its principal place of business is in Maryland. Accordingly, Plaintiff Jeff's Pharmacy Inc. is a citizen of Maryland. *Id.*

46. Plaintiff JMF, Inc. is a corporation. It is incorporated in North Dakota and its principal place of business is in North Dakota. Accordingly, Plaintiff JMF, Inc. is a citizen of North Dakota. *Id.*

47. Plaintiff John's Pharmacy Inc. is a corporation. It is incorporated in Delaware and, on information and belief, its principal place of business is in Illinois. Accordingly, Plaintiff John's Pharmacy Inc. is a citizen of Delaware and Illinois. *Id.*

48. Plaintiff Jojan Pharma Inc. is a corporation. It is incorporated in New York and its principal place of business is in New York. Accordingly, Plaintiff Jojan Pharma Inc. is a citizen of New York. *Id.*

49. Plaintiff Joseph Di Matteo Inc. is a corporation. It is incorporated in Pennsylvania and its principal place of business is in Pennsylvania. Accordingly, Plaintiff Joseph Di Matteo Inc. is a citizen of Pennsylvania. *Id.*

50. Plaintiff K&S Pharmacies of Southern Illinois LTC is a corporation. It is incorporated in Illinois and, on information and belief, its principal place of business is in Illinois. Accordingly, Plaintiff K&S Pharmacies of Southern Illinois LTC is a citizen of Illinois. *Id.*

51. Plaintiff Kelley–Ross & Associates Inc. is a corporation. It is incorporated in Washington and its principal place of business is in Washington. Accordingly, Plaintiff Kelley–Ross & Associates Inc. is a citizen of Washington. *Id.*

52. Plaintiff Kim Do Inc. is a corporation. It is incorporated in Pennsylvania and its principal place of business is in Pennsylvania. Accordingly, Plaintiff Kim Do Inc. is a citizen of Pennsylvania. *Id.*

53. Plaintiff Kines Family Pharmacy Inc. is a corporation. It is incorporated in West Virginia and its principal place of business is in West Virginia. Accordingly, Plaintiff Kines Family Pharmacy Inc. is a citizen of West Virginia. *Id.*

54. Plaintiff Lake of Decatur Inc. is a corporation. It is incorporated in Illinois and, on information and belief, its principal place of business is in Illinois. Accordingly, Plaintiff Lake of Decatur Inc. is a citizen of Illinois. *Id.*

55. Plaintiff Lamar Lingenfelter Inc. is a corporation. It is incorporated in Georgia and its principal place of business is in Georgia. Accordingly, Plaintiff Lamar Lingenfelter Inc. is a citizen of Georgia. *Id.*

56. Plaintiff LaMoure Drug Store Inc. is a corporation. It is incorporated in North Dakota and its principal place of business is in North Dakota. Accordingly, Plaintiff LaMoure Drug Store Inc. is a citizen of North Dakota. *Id.*

57. Plaintiff Levin's Pharmacy Inc. is a corporation. It is incorporated in New York and, on information and belief, its principal place of business is in New York. Accordingly, Plaintiff Levin's Pharmacy Inc. is a citizen of New York. *Id.*

58. Plaintiff Life Pharma II Inc. is a corporation. It is incorporated in New York and, on information and belief, its principal place of business is in New Jersey. Accordingly, Plaintiff Life Pharma II Inc. is a citizen of New York and New Jersey. *Id.*

59. Plaintiff Lifestream Pharmacy Inc. is a corporation. It is incorporated in Pennsylvania and its principal place of business is in Pennsylvania. Accordingly, Plaintiff Lifestream Pharmacy Inc. is a citizen of Pennsylvania. *Id.*

60. Plaintiff Mainline Pharmacy is registered in Pennsylvania under a fictitious business name. On information and belief, its principal place of business is in Pennsylvania. Accordingly, assuming Plaintiff Mainline Pharmacy's citizenship is relevant to the diversity jurisdiction analysis, Plaintiff Mainline Pharmacy is a citizen of Pennsylvania.

61. Plaintiff Mainline Pharmacy Ebensburg, LLC is an LLC. On information and belief, its member(s) are citizen(s) of Pennsylvania. Accordingly, Plaintiff Mainline Pharmacy Ebensburg, LLC is a citizen of Pennsylvania. *RTP*, 827 F.3d at 691.

62. Plaintiff MD Pharmacy LLC is an LLC. On information and belief, its member(s) are citizen(s) of North Dakota. Accordingly, Plaintiff MD Pharmacy LLC is a citizen of North Dakota. *Id.*

63. Plaintiff MLM Pharmacy Inc. is a corporation. It is incorporated in Illinois and, on information and belief, its principal place of business is in Illinois. Accordingly, Plaintiff MLM Pharmacy Inc. is a citizen of Illinois. *Dalton*, 891 F.3d at 690.

64. On information and belief, Plaintiff "Cabel L. Jones, III, d/b/a Morristown Pharmacy" is incorrectly identified in the Complaint. On information and belief, Morristown Pharmacy is operated by MP Operating LLC dba Morristown Pharmacy. On information and belief, MP Operating LLC dba Morristown Pharmacy's member(s) are citizen(s) of Tennessee. Accordingly, the Plaintiff identified as "Cabel L. Jones, III, d/b/a Morristown Pharmacy" is a citizen of Tennessee. *RTP*, 827 F.3d at 691. Alternatively, "Cabel L. Jones, III" may refer to a sole proprietorship operated by the individual Cabel L. Jones III, a citizen of Tennessee. In that event, the Plaintiff identified as "Cabel L. Jones, III" is still a citizen of Tennessee. *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).

65. Plaintiff MR Discount Drugs, LLC is an LLC. On information and belief, its member(s) are citizen(s) of Mississippi. Accordingly, Plaintiff MR Discount Drugs, LLC is a citizen of Mississippi. *RTP*, 827 F.3d at 691.

66. Plaintiff Munsey Enterprises Inc. is a corporation. It is incorporated in Tennessee and its principal place of business is in Tennessee. Accordingly, Plaintiff Munsey Enterprises Inc. is a citizen of Tennessee. *Dalton*, 891 F.3d at 690.

67. Plaintiff National Drug Store Inc. is a corporation. It is incorporated in Indiana and its principal place of business is in Indiana. Accordingly, Plaintiff National Drug Store Inc. is a citizen of Indiana. *Id.*

68. Plaintiff New River Pharmacy LLC is an LLC. On information and belief, its member(s) are citizen(s) of Virginia. Accordingly, Plaintiff New River Pharmacy LLC is a citizen of Virginia. *RTP*, 827 F.3d at 691.

69. Plaintiff Newport Drugs Inc. is a corporation. It is incorporated in Minnesota and its principal place of business is in Minnesota. Accordingly, Plaintiff Newport Drugs Inc. is a citizen of Minnesota. *Dalton*, 891 F.3d at 690.

70. Plaintiff NRS Pharmacies Of Indiana LLC is an LLC. Its members are citizens of Indiana and Missouri. Accordingly, Plaintiff NRS Pharmacies Of Indiana LLC is a citizen of Indiana and Missouri. *RTP*, 827 F.3d at 691.

71. Plaintiff Pennmark Pharmacy Inc. is a corporation. It is incorporated in Pennsylvania and its principal place of business is in Pennsylvania. Accordingly, Plaintiff Pennmark Pharmacy Inc. is a citizen of Pennsylvania. *Dalton*, 891 F.3d at 690.

72. Plaintiff Petersburg Pharmacy Inc. is a corporation. It is incorporated in Illinois and, on information and belief, its principal place of business is in Illinois. Accordingly, Plaintiff Petersburg Pharmacy Inc. is a citizen of Illinois. *Id.*

73. Plaintiff Pharm Properties is an LLC. On information and belief, its member(s) are citizen(s) of Minnesota. Accordingly, Plaintiff Pharm Properties is a citizen of Minnesota. *RTP*, 827 F.3d at 691.

74. Plaintiff Pharmacy In The Bay LLC is an LLC. On information and belief, its member(s) are citizen(s) of Mississippi. Accordingly, Plaintiff In The Bay LLC is a citizen of Mississippi. *Id.*

75. Plaintiff Pharmacy Plus Inc. is a corporation. It is incorporated in Illinois and, on information and belief, its principal place of business is in Illinois. Accordingly, Plaintiff Pharmacy Plus Inc. is a citizen of Illinois. *Dalton*, 891 F.3d at 690.

76. Plaintiff Pike's Pharmacy Inc. is a corporation. It is incorporated in North Carolina and its principal place of business is in North Carolina. Accordingly, Plaintiff Pike's Pharmacy Inc. is a citizen of North Carolina. *Id.*

77. Plaintiff Pine Hill Hometown Pharmacy is a corporation. It is incorporated in New York and its principal place of business is in New York. Accordingly, Plaintiff Pine Hill Hometown Pharmacy is a citizen of New York. *Id.*

78. Plaintiff Pink Hill Pharmacy Inc. is a corporation. It is incorporated in North Carolina and its principal place of business is in North Carolina. Accordingly, Plaintiff Pink Hill Pharmacy Inc. is a citizen of North Carolina. *Id.*

79. Plaintiff Princeville Pharmacy is an LLC. On information and belief, its member(s) are citizen(s) of Illinois. Accordingly, Plaintiff Princeville Pharmacy is a citizen of Illinois. *RTP*, 827 F.3d at 691.

80. Plaintiff PRN Pharmacies LTD is a corporation. It is incorporated in Illinois and, on information and belief, its principal place of business is in Illinois. Accordingly, Plaintiff PRN Pharmacies LTD is a citizen of Illinois. *Dalton*, 891 F.3d at 690.

81. Plaintiff Professional Pharmacy of Pennsburg Inc. is a corporation. It is incorporated in Pennsylvania and its principal place of business is in Pennsylvania. Accordingly, Plaintiff Professional Pharmacy of Pennsburg Inc. is a citizen of Pennsylvania. *Id.*

82. Plaintiff Ramsey Drug Inc. is a corporation. It is incorporated in North Dakota and its principal place of business is in North Dakota. Accordingly, Plaintiff Ramsey Drug Inc. is a citizen of North Dakota. *Id.*

83. Plaintiff Richmond Hill Pharmacy Inc. is a corporation. It is incorporated in Georgia and its principal place of business is in Georgia. Accordingly, Plaintiff Richmond Hill Pharmacy Inc. is a citizen of Georgia. *Id.*

84. Plaintiff Russell Fork Pharmacies Inc. is a corporation. It is incorporated in Virginia and its principal place of business is in Virginia. Accordingly, Plaintiff Russell Fork Pharmacies Inc. is a citizen of Virginia. *Id.*

85. Plaintiff Rye Beach Pharmacy Inc. is a corporation. It is incorporated in New York and its principal place of business is in New York. Accordingly, Plaintiff Rye Beach Pharmacy Inc. is a citizen of New York. *Id.*

86. Plaintiff Rx Stores LLC is an LLC. On information and belief, its member(s) are citizen(s) of Illinois. Accordingly, Plaintiff Rx Stores LLC is a citizen of Illinois. *RTP*, 827 F.3d at 691.

87. On information and belief, Plaintiff "Sammy Brown, d/b/a Citizens Pharmacy" is incorrectly identified in the Complaint, and Citizens Pharmacy is operated by a Georgia

corporation, S&S Drugs Inc. S&S Drugs Inc. is incorporated in Georgia and its principal place of business is in Georgia. Accordingly, it is a citizen of Georgia. *Dalton*, 891 F.3d at 690. Alternatively, "Sammy Brown" may refer to a sole proprietorship operated by the individual Sammy Brown, a citizen of Georgia. In that event, the Plaintiff identified as "Sammy Brown" is still a citizen of Georgia. *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).

88. Plaintiff S&S Drugs Inc. is a corporation. It is incorporated in Georgia and its principal place of business is in Georgia. Accordingly, Plaintiff S&S Drugs Inc. is a citizen of Georgia. *Dalton*, 891 F.3d at 690.

89. Plaintiff Schmidt & Sons Pharmacy of Clinton Inc. is a corporation. It is incorporated in Michigan and, on information and belief, its principal place of business is in Michigan. Accordingly, Plaintiff Schmidt & Sons Pharmacy of Clinton Inc. is a citizen of Michigan. *Id.*

90. Plaintiff Sherman's Pharmacy Co. is a corporation. It is incorporated in Illinois and, on information and belief, its principal place of business is in Illinois. Accordingly, Plaintiff Sherman's Pharmacy Co. is a citizen of Illinois. *Id.*

91. Plaintiff Siverson's Pharmacy & Gifts LLC is an LLC. On information and belief, its member(s) are citizen(s) of Minnesota. Accordingly, Plaintiff Siverson's Pharmacy & Gifts LLC is a citizen of Minnesota. *RTP*, 827 F.3d at 691.

92. Plaintiff Southside Pharmacy LTD is a corporation. It is incorporated in Minnesota and its principal place of business is in Minnesota. Accordingly, Plaintiff Southside Pharmacy LTD is a citizen of Minnesota. *Dalton*, 891 F.3d at 690.

93. Plaintiff Sunray Drugs LLC is an LLC. On information and belief, its member(s) are citizen(s) of Pennsylvania. Accordingly, Plaintiff Sunray Drugs LLC is a citizen of Pennsylvania. *RTP*, 827 F.3d at 691.

94. On information and belief, Plaintiff "TDS, Inc. Norway Pharmacy" refers to the corporation "TDS Inc." TDS Inc. is incorporated in Michigan and, on information and belief, its principal place of business is in Michigan. Accordingly, the Plaintiff referred to as "TDS, Inc. Norway Pharmacy" is a citizen of Michigan. *Dalton*, 891 F.3d at 690.

95. Plaintiff The Casey Group is a corporation. Plaintiff is incorporated in New York and, on information and belief, its principal place of business is in New York. Accordingly, Plaintiff The Casey Group is a citizen of New York. *Id.*

96. Plaintiff The Drug Store Inc. is a corporation. It is incorporated in Michigan and, on information and belief, its principal place of business is in Michigan. Accordingly, Plaintiff The Drug Store Inc. is a citizen of Michigan. *Id.*

97. Plaintiff The Medicine Shoppe is a corporation. It is incorporated in Pennsylvania and its principal place of business is in Pennsylvania. Accordingly, Plaintiff The Medicine Shoppe is a citizen of Pennsylvania. *Id.*

98. Plaintiff Tirelli Inc. is a corporation. It is incorporated in Pennsylvania and its principal place of business is in Pennsylvania. Accordingly, Plaintiff Tirelli Inc. is a citizen of Pennsylvania. *Id.*

99. Plaintiff Victory Pharmacy of Decatur Inc. is a corporation. It is incorporated in Illinois and, on information and belief, its principal place of business is in Illinois. Accordingly, Plaintiff Victory Pharmacy of Decatur Inc. is a citizen of Illinois. *Id.*

100. Plaintiff Village Pharmacy of Hampstead Inc. is a corporation. It is incorporated in North Carolina and its principal place of business is in North Carolina. Accordingly, Plaintiff Village Pharmacy of Hampstead Inc. is a citizen of North Carolina. *Id.*

101. Plaintiff Vorac Pharmacy LLC is an LLC. On information and belief, its member(s) are citizen(s) of Illinois. Accordingly, Plaintiff Vorac Pharmacy LLC is a citizen of Illinois. *RTP*, 827 F.3d at 691.

102. Plaintiff Waveland Pharmacy LLC is an LLC. On information and belief, its member(s) are citizen(s) of Mississippi. Accordingly, Plaintiff Waveland Pharmacy LLC is a citizen of Mississippi. *Id.*

103. Plaintiff Wee Care Pharmacy Inc. is a corporation. It is incorporated in Utah and its principal place of business is in Utah. Accordingly, Plaintiff Wee Care Pharmacy Inc. is a citizen of Utah. *Dalton*, 891 F.3d at 690.

104. Plaintiff Williams Pharmacy Holdings 1 LLC is an LLC. On information and belief, its member(s) are citizen(s) of West Virginia. Accordingly, Plaintiff Williams Pharmacy Holdings 1 LLC is a citizen of West Virginia. *RTP*, 827 F.3d at 691.

105. Based on these facts, there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a)(1), (c)(1).

## B. The Amount In Controversy for Each Properly Joined Plaintiff's Claims Exceeds $75,000

106. The amount in controversy for each properly joined Plaintiff's claims in this Action exceeds $75,000. *See* 28 U.S.C. § 1332(a).

107. Plaintiffs seek "all available damages and other relief from Defendant," Compl. ¶¶ 261, 289, 298, as well as "restitution, disgorgement and other appropriate injunctive relief available under California Business and Professions Code §§ 17200, et seq.," *id.* ¶ 308.

108. Although Plaintiffs have not pleaded with specificity the amount demanded, "the notice of removal may assert the amount in controversy" because (1) Plaintiffs seek "nonmonetary relief" and (2) Illinois law "permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446 (c)(2)(A); *see* 735 ILCS 5/2-604.2.

109. The Seventh Circuit has "acknowledged the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). Thus, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

110. Each Plaintiff seeks compensatory damages (including prejudgment interest for allegedly underpaid claims under state laws), punitive damages, injunctive relief, and treble damages under California antitrust law. Given these allegations, the amount in controversy for each Plaintiff's claims exceeds $75,000.

**Compensatory Damages Based on Alleged "Claw Backs"**

111. Plaintiffs allege that they are owed damages totaling millions of dollars based on OptumRx's alleged retroactive "claw backs." For example, Plaintiffs allege that:

a. "Defendant claws back tens of thousands of dollars per year per store from Plaintiffs by way of retroactive deductions to approved claims," *id.* ¶ 198; and

b. Plaintiffs "submitted hundreds of thousands of 'Clean Claims' to Defendant, and Defendant paid Plaintiffs' 'Clean Claims'" before Defendant allegedly made retroactive deductions of "millions of dollars,"

*id.* ¶¶ 212–15.

Accordingly, each Plaintiff has alleged that it incurred at least $20,000 per year ("tens of thousands of dollars per year") in unlawful claw backs and seeks to recover that money in this lawsuit. These claims allegedly date back to 2012. Accordingly, Plaintiffs' claw-back theory alone places more than $75,000 in controversy for each Plaintiff.

**Punitive Damages**

112. In the Seventh Circuit, punitive damages alleged by the plaintiff also count toward the amount in controversy, where allowed under governing state law. *Clark v. State Farm Mut. Auto. Ins. Co.*, 473 F.3d 708, 712 (7th Cir. 2007) (finding amount in controversy met because Indiana law at issue allowed punitive damages). The Seventh Circuit has found the amount-in-controversy requirement satisfied where the plaintiff alleged only $20,000 in compensatory damages but also alleged punitive damages, because punitive damages exceeding $55,000 resulted in a punitive damages-to-compensatory damages "ratio of 2.75–to–1," which is "not only a single-digit ratio, but also falls below the 4–to–1 threshold referenced by the Supreme Court." *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 552 (7th Cir. 2008).

113. Here, Plaintiffs allege that OptumRx's retroactive "claw backs" constituted an "unlawful conversion . . . done with the intent to deprive Plaintiffs for their rightful possession and use of Plaintiffs' funds and to cause them injury, all of which entitles Plaintiffs to recover punitive or exemplary damages from Defendant." Compl. ¶ 298.

114. Illinois law allows for recovery of punitive damages for conversion. *Cirrincione v. Johnson*, 184 Ill. 2d 109, 114 (1998). As one example, an Illinois circuit court allowed an award of $225,000 in punitive damages where only $25,000 in compensatory damages were awarded. *Turner v. Firstar Bank, N.A.*, 363 Ill. App. 3d 1150, 1164–65 (2006).

115. Because punitive damages may be recovered for conversion under Illinois law, they count toward the amount in controversy for purposes of subject-matter jurisdiction.

**Compensatory Damages Based on Alleged Underpayments**

116. Plaintiffs seek monetary damages ("all available damages") under Counts 1–3, Compl. ¶¶ 261, 289, 298, and each Plaintiff seeks monetary damages under the applicable state law under Counts 6–27, *id.* ¶¶ 330, 337, 342, 351, 361, 370, 380, 389, 395, 400, 405, 411, 418, 423, 433, 440, 449, 457, 463, 469, 478, 486, 496.

117. Plaintiffs allege that, since 2012, they have lost millions of dollars based on OptumRx's alleged underpayment of claims, and that Plaintiffs are reimbursed twice monthly for hundreds of claims at once. For example, Plaintiffs allege that:

a. they "have all suffered economic losses as a result of Defendant's bad faith manipulation of reimbursement rates," *id.* ¶ 158;

b. "Defendant's practices caused and continue to cause many independent pharmacies in Illinois (and across the nation), including Plaintiffs, to lose substantial profits," *id.* ¶ 111;

c. "each Plaintiff pharmacy" is "reimbursed twice monthly . . . for hundreds of claims at one time by Defendant," *id.* ¶ 147;

d. OptumRx "underpay[s] Plaintiffs by millions of dollars," *id.* ¶ 171; and

e. "Defendant has regularly breached its obligations and duties under the contract since 2012 and continues to do so to this day," *id.* ¶ 223.

118. In another federal case involving the same plaintiffs' counsel and some (but not all) of the same theories, the plaintiffs submitted expert reports with damages models to support these theories. *See Mabe, Inc., et al. v. OptumRx*, No. 3:17-cv-01102 (M.D. Penn.), ECF No. 256-3. In

that model, the *Mabe* plaintiffs' average alleged underpayment for generic reimbursements was 59%. *Id.* at Figure 5-1. Therefore, it is reasonable to estimate that Plaintiffs' claims in this case place at least 59% of all of their generic reimbursements in controversy.

**Prejudgment Interest**

119. In the Seventh Circuit, "prejudgment interest may sometimes count toward the jurisdictional minimum," *Sarnoff v. Am. Home Prod. Corp.*, 798 F.2d 1075, 1078 (7th Cir. 1986), *abrogated on other grounds* by *Hart v. Schering-Plough Corp.*, 253 F.3d 272 (7th Cir. 2001), including when it is not merely "a charge for delay in the payment of money," but is instead an "integral part of [the] agreement which was allegedly breached by [the defendant]," *Dover Asset Assocs. v. Lyons Capital Res., Inc.*, 1989 WL 111856, at *1 (N.D. Ill. Sept. 20, 1989). Here, the parties' contract states that a "Claim submitted to Administrator for payment not paid within the established timeframe . . . will receive interest payments where required by law." Compl., Ex. A at 42. Nearly all of the state laws allegedly violated (Counts 6–27) require inclusion of interest when payments are not paid within the established timeframe.[2] *See* Compl. ¶¶ 330, 337, 342, 351,

[2] Arizona requires interest to be paid at the legal rate. Ariz. Rev. Stat. § 20-462. California has a 15% annual interest rate. Cal. Health & Safety Code § 1371. Georgia has a 12% annual interest rate. Ga. Code § 33-24-59.5. Idaho requires interest to be paid at the legal rate. Idaho Code § 41-5603. Illinois has a 9% annual interest rate. 215 Ill. Comp. Stat. 5/368a. Indiana's interest rate is variable, linked to the annual state investment yield. Ind. Code § 27-13-36.2-4; *id.* § 12-15-21-3(7)(A). Maryland has a monthly interest rate of 2.5% for claims more than 120 days delayed, which equals 30% per year. Md. Code Ins. § 15-1005. Michigan has a 12% annual interest rate. Mich. Comp. Laws § 400.111i. Minnesota has a monthly interest rate of 1.5%, which equals 18% a year. Minn. Stat. § 62Q.75. Mississippi has a month interest rate of 3%, which equals 36% a year. Miss. Code § 83-9-5. New York's interest rate is the higher of 12% per year or the rate set by commissioner. N.Y. Ins. Law § 3224-a. North Carolina has an 18% annual interest rate. N.C. Gen. Stat. § 58-3-225. Oklahoma has a 10% annual interest rate. Okla. Stat. tit. 36 § 1219. Oregon has a 12% annual interest rate. Or. Rev. Stat. § 743B.452. Pennsylvania has a 10% annual interest rate. 40 Pa. Stat. § 991.2166. Tennessee has a 1% monthly interest rate, which equals 12% a year. Tenn. Code. § 56-7-109. Utah has a daily interest rate of .033%, which equals just over 12% a year. Utah Code § 31A-26-301.6. Virginia requires interest to be paid at the legal rate. Va. Code § 38.2-3407.15. Vermont has a 12%

361, 370, 380, 389, 395, 400, 405, 411, 418, 423, 433, 449, 457, 463, 469, 478, 496. Accordingly, prejudgment interest on the unpaid amounts allegedly owed to Plaintiffs can be included in determining the amount in controversy.

**Damages and Punitive Damages under the California Unfair Practices Act**

120. It is well settled that "[a]ctual damages, including treble damages . . . can be counted towards the amount in controversy if they are allowed by state law." *Safe Auto Ins. Co. v. Farhan*, 2010 WL 11583540, at *3 (N.D. Ind. Mar. 25, 2010); *In re High Fructose Corn Syrup Antitrust Litig.*, 936 F. Supp. 530, 533 (C.D. Ill. 1996). Here, Plaintiffs seek monetary relief for OptumRx's alleged violation of California's Unfair Practices Act ("UPA"). Compl. ¶¶ 309–19. Under the UPA, any plaintiff who "prove[s] actual damages . . . shall be entitled to recover three times the amount of" those damages. Cal. Bus. & Prof. Code § 17082. Accordingly, the UPA claim places treble damages in controversy.

121. The UPA provides for recovery of lost profits incurred due to price discrimination. *See Diesel Elec. Sales & Serv., Inc. v. Marco Marine San Diego, Inc.*, 16 Cal. App. 4th 202, 219 (1993) (admitting expert testimony relevant to plaintiff's claim for lost profits under the UPA). Plaintiffs do not allege a specific amount of lost profits, stating only that the amount is "substantial." Compl. ¶ 111. However, Plaintiffs allege that "each Plaintiff pharmacy" is "reimbursed twice monthly . . . for hundreds of claims at one time by Defendant," *id.* ¶ 147, and that OptumRx "underpay[s] Plaintiffs by millions of dollars," *id.* ¶ 171. Plaintiffs also allege they have lost business because OptumRx "steers Plaintiffs' customers to its mail-order affiliate." *Id.*

annual interest rate. Vt. Stat. tit. 18 § 221-9418. Washington has a 1% monthly interest rate, which equals 12% a year. Wash. Admin. Code. § 284-83-325. West Virginia has a 1% monthly interest rate, which equals 12% a year. W. Va. Code R. § 114-32-30. Wyoming has a 10% annual interest rate. Wyo. Stat. § 26-15-124.

¶ 315. Given that Plaintiffs allege loss of "substantial profits" based on "hundreds of claims" each month, and those lost profits are subject to treble damages under the UPA, Plaintiffs' allegations place more than $75,000 in controversy for each Plaintiff.[3]

**"Going Concern" Value Under the California Unfair Practices Act**

122. Plaintiffs allege that OptumRx's "discriminatory pricing practices" caused "independent pharmacies like Plaintiffs[] to close up shop or sell their business to retail chain pharmacies." Compl. ¶ 316. Under the UPA, Plaintiffs have placed in controversy the "going concern" value of the independent pharmacies that allegedly were forced out of business. *See Cont'l Baking Co. v. Old Homestead Bread Co.*, 476 F.2d 97, 110 (10th Cir. 1973) (awarding going concern damages for defendant's price discrimination in violation of the Robinson-Patman Act); *G.H.I.I. v. MTS, Inc.*, 147 Cal. App. 3d 256, 271 (1983) (recognizing that the UPA "closely parallels the Robinson-Patman Act, and is based upon the same policy considerations"). "The going-concern value is what a willing buyer given all available information would have paid a willing seller." *Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.*, 175 F.3d 18, 25 n.4 (1st Cir. 1999); *The State of Independent Pharmacy 2021*, PBA Health (Oct. 21, 2021), https://www.pbahealth.com/elements/the-state-of-independent-pharmacy-2021; *see also* Ed Webman, *How Much Is It Worth? Determining a Pharmacy's Value from a Lender's Perspective*, NCPA (2012), http://www.ncpa.co/pdf/APNOV12-HowMuchWorth.pdf.

123. Here, for example, if Plaintiffs were able to prove that independent pharmacies "generally sell in a range from 18 to 22 percent of gross sales," Bill LaRose, *What Goes into a*

---

[3] As a hypothetical conservative estimate, a Plaintiff pharmacy averaging $1.50 in lost profits per claim on 200 claims per month would lose $3,600 per year in profits. Over the 9 years of claims at issue in the Complaint, the lost profits would be $32,400. When trebled, the alleged total value of the UPA damages would be $97,200.

*Realistic Pharmacy Valuation?*, AmerisourceBergen (June 25, 2019), https://www.amerisourcebergen.com/insights/pharmacies/what-goes-into-a-realistic-pharmacy-valuation, and that the average revenue for an independent pharmacy is nearly $3,460,000, *The State of Independent Pharmacy 2021*, PBA Health (Oct. 21, 2021), https://www.pbahealth.com/elements/the-state-of-independent-pharmacy-2021, then multiplying 22 percent by $3,460,000 would produce a going concern value of over $761,000, and trebling those damages would result in a potential amount in controversy of over $2,283,000.

**Other Alleged Relief**

124. Plaintiffs' Complaint puts additional categories of relief at issue beyond those discussed above, and OptumRx reserves its right to amend its allegations regarding the amount in controversy.

### C. This Court Lacks Personal Jurisdiction Over OptumRx with Respect to Several Plaintiffs' Claims, and Those Plaintiffs Should Be Ignored for Purposes of Subject-Matter Jurisdiction

125. Several Plaintiffs, including KM Network, Inc., cannot establish personal jurisdiction over OptumRx. Those Plaintiffs[4] include, but are not necessarily limited to: KM Network, Inc., Inspire Pharmacy, Inc., The Casey Group, Barron Hometown Pharmacy LLC, and New River Pharmacy LLC.[5]

126. Under Illinois law, personal jurisdiction can be exercised only to the extent permitted by the Due Process Clause of the United States Constitution. *See Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1779 (2017) ("Because [a] state court's

---

[4] For the reasons discussed below, this Notice of Removal refers to these Plaintiffs as the "Non-Illinois OptumRx Plaintiffs."

[5] OptumRx reserves the right to update this list in its forthcoming motion to dismiss for lack of personal jurisdiction.

assertion of jurisdiction exposes defendants to the State's coercive power, it is subject to review for compatibility with the Fourteenth Amendment's Due Process Clause." (internal quotation marks omitted) (alteration in original)); *Rios v. Bayer Corp.*, 2020 IL 125020, ¶ 17.

127. There are two ways to establish personal jurisdiction—"general" jurisdiction and "specific" jurisdiction. The above pharmacies cannot establish either type of personal jurisdiction over OptumRx in this case.

**General Jurisdiction**

128. OptumRx is a corporation. OptumRx is a citizen of California, where it is incorporated and has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

129. OptumRx is not "essentially at home" in Illinois and thus is not a citizen of Illinois. *Id.* at 139.

130. Accordingly, this Court lacks general personal jurisdiction over OptumRx. *Id.*

**Specific Jurisdiction**

131. A court may exercise specific personal jurisdiction over a defendant where the defendant has "such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)).

132. A court may exercise specific personal jurisdiction only where the plaintiff's claims "arise out of or relate to the defendant's contacts with the *forum*." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (cleaned up). In particular, there must be "a connection between the forum and the

specific claims at issue." *Id.* at 1781. This connection must be evaluated on a claim-by-claim basis for each plaintiff's claims. *Id.*; *see also Curry v. Revolution Labs., LLC*, 949 F.3d 385, 400 (7th Cir. 2020).

133. Here, Plaintiffs allege that OptumRx had certain contacts with Illinois relating to Plaintiffs' contractual relationships with Catamaran, an Illinois-based corporation that OptumRx acquired in 2015 and has been defunct for many years.[6]

134. Plaintiffs attempt to make Catamaran relevant by alleging that some Plaintiffs continued to do business with Catamaran, through OptumRx, even after OptumRx's acquisition of Catamaran in 2015. *See* Compl. ¶ 96 (alleging that "[f]or health plans which had been contracted with Catamaran . . . claims were processed and paid in Illinois"), ¶ 97 (alleging that "the processing and payment of claims to plaintiffs for Catamaran's legacy book of business" occurred in Illinois until 2020). However, these allegations apply (at most) only to Plaintiffs who had pre-acquisition contracts and relationships with Catamaran (the "Catamaran Plaintiffs").

135. Other Plaintiffs (the "OptumRx Plaintiffs"), including KM Network, Inc., never submitted claims for processing by Catamaran, and only ever submitted claims for processing by OptumRx. Plaintiffs allege that such claims were processed *outside of Illinois*. Compl. ¶ 96 ("For the Optum line of business, claims were processed through Optum's pre-existing facilities in California and Minnesota.").

136. Thus, even based on Plaintiffs' own allegations,[7] the OptumRx Plaintiffs that are not citizens of Illinois—the "Non-Illinois OptumRx Plaintiffs"—have not pleaded legal claims that "arise out of or relate to [OptumRx's] contacts with [Illinois]." *Bristol-Myers Squibb*, 137 S.

[6] OptumRx acquired and merged with Catamaran in 2015. Compl. ¶ 95. OptumRx survived as the successor entity.
[7] OptumRx reserves its right to contest these allegations.

Ct. at 1780 (cleaned up). Accordingly, this Court lacks specific personal jurisdiction over OptumRx with respect to the Non-Illinois OptumRx Plaintiffs' claims. *See Rios v. Bayer Corp.*, 2020 IL 125020, ¶ 25 (finding no relatedness where the devices causing the harm were manufactured outside of Illinois); *Lishman v. Air & Liquid Sys. Corp.*, 2022 WL 1085163, at *3 (N.D. Ill. Apr. 11, 2022) (while defendant "possessed manufacturing plants in Illinois . . . the record show[ed] that its Illinois manufacturing efforts were not for the product at issue here" and the court found no personal jurisdiction).

137. Since this Court does not have general or specific personal jurisdiction over OptumRx with respect to the claims of the Non-Illinois OptumRx Plaintiffs, those Plaintiffs were misjoined in this action, OptumRx will be moving to dismiss them for lack of personal jurisdiction, and they should be ignored for purposes of the Court's subject-matter jurisdiction analysis.

### D. Because Personal Jurisdiction Is the More Straightforward Inquiry, This Court Should Address Personal Jurisdiction Before Subject-Matter Jurisdiction

138. This Court can and should consider OptumRx's personal jurisdiction arguments before any subject-matter jurisdiction arguments that Plaintiffs may raise. Where "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law," and there is an "alleged defect in subject-matter jurisdiction [which] raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999).

139. Here, determining subject-matter jurisdiction is not as straightforward a determination as personal jurisdiction. Plaintiffs have joined pharmacies from numerous states, the vast majority of which are not citizens of Illinois. Plaintiffs, by joining *one* allegedly California citizen with 90 other plaintiffs, seek to avoid diversity jurisdiction, which "suggests an element of collusion intended to deprive [OptumRx] of removal jurisdiction in federal court." *In re Fosamax*

*(Alendronate Sodium) Prod. Liab. Litig. (No. II)*, 2012 WL 1118780, at *5 (D.N.J. Apr. 3, 2012) (finding plaintiffs had fraudulently misjoined non-diverse plaintiffs in "an attempt to join 91 plaintiffs from 28 different states," where "only three Plaintiffs [were] citizens . . . where the complaint was filed, and none of the non-resident Plaintiffs claim[ed] any connection with [the forum state]"). In addition, Plaintiffs appear to have crafted their pleading to be intentionally vague to avoid removal jurisdiction. Plaintiffs' allegations regarding the citizenship of each Pharmacy are unclear, inaccurate, or both, and while Illinois law requires Plaintiffs to state the amount they seek in damages, Ill. Sup. Ct. R. 222, Plaintiffs did not do so. *See In re Fosamax*, 2012 WL 1118780 at *5 (pleading was unclear, making the court "unable to conclusively determine from a reading of the complaint whether or not all of these Plaintiffs are truly non-diverse" and thus "Plaintiffs' obfuscation . . . suggests an element of collusion intended to deprive Defendants of removal jurisdiction).

140. These complexities, tied with Plaintiffs' misjoinder of the Non-Illinois OptumRx Plaintiffs, complicate subject-matter jurisdiction, making this a situation where the "district court appropriately accords priority to a personal jurisdiction inquiry." *Ruhrgas*, 526 U.S. at 578; *see also Livingston v. Hoffmann-La Roche Inc.*, 293 F. Supp. 3d 760, 765–66 (N.D. Ill. 2018) ("Because Plaintiff has clearly failed to meet his burden of establishing personal jurisdiction over the Roche Defendants, we exercise our discretion in deciding that issue first."); *In re Testosterone Replacement Therapy Prods. Liability Litig.*, 164 F. Supp. 3d 1040, 1045–46 (N.D. Ill. 2016) (exercising discretion to consider personal jurisdiction before subject-matter jurisdiction where defendants had "asserted a plausible argument that the Court lack[ed] personal jurisdiction" over certain claims because the "Court cannot simply ignore or summarily reject this argument to make its subject matter jurisdiction analysis easier"); *BeRousse*, 2017 WL 4255075, at *3 (exercising

discretion to consider personal jurisdiction before subject-matter jurisdiction in the "interests of judicial economy" since "personal jurisdiction is the more straightforward inquiry"); *Siegfried v. Boehringer Ingelheim Pharm., Inc.*, 2017 WL 2778107, at *3 (E.D. Mo. June 27, 2017) (same).

## III. PROCEDURAL REQUIREMENTS AND NOTICE

141. As required by 28 U.S.C. § 1446(a), copies of the Complaint and all other papers filed in the state court are attached hereto as **Exhibits A and C**.

142. Venue is proper in this judicial district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of St. Clair County, Illinois, the forum in which the removed action was pending. *See* 28 U.S.C. § 93(c).

143. No defendant is a citizen of the State of Illinois, the State where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

144. Pursuant to 28 U.S.C. § 1446(d), OptumRx will promptly provide written notice of the filing of this Notice of Removal to Plaintiffs and will file a copy of this Notice of Removal along with a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of St. Clair County, Illinois, where this action is currently pending.

## IV. TIMELINESS

145. Plaintiffs served OptumRx with a summons and a copy of the Complaint on August 15, 2022. This Notice of Removal is filed within 30 days of service of the Complaint on OptumRx. Accordingly, this Notice of Removal is timely filed. See 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, though service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 345–46 (1999) (holding that defendant's time to remove is triggered upon

service of the complaint and summons, not by mere receipt of the complaint unattended by any formal service).

By: s/Michael J. Nester
Michael J. Nester, #02037211
DONOVAN ROSE NESTER, P.C.
15 N. 1st St., Suite A
Belleville, IL 62220
Telephone: (618) 212-6500
mnester@drnpc.com

Geoffrey M. Sigler, *Pro Hac Vice pending*
Katherine Maddox Davis, *Pro Hac Vice pending*
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Ave, N.W.
Washington, DC 20036-5306
Telephone: (202) 887-3776
gsigler@gibsondunn.com
kdavis@gibsondunn.com

Michael Holecek, *Pro Hac Vice pending*
Brandon J. Stoker, *Pro Hac Vice pending*
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7018
mholecek@gibsondunn.com
bstoker@gibsondunn.com

**Counsel for Defendant OptumRx, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing was filed with the Court using the Court's CM/ECF system and also sent, via U.S. mail, first-class postage prepaid, to:

Keith Short
Keith Short and Associates, P.C.
325 Market Street
Alton, IL 62002
keith@siltrial.com
Attorney for Plaintiffs

Mark R. Cuker
Jacobs Law Group
One Logan Square, Suite 1200
Philadelphia, PA 19103 (215)
mcuker@jacobslawpc.com
Attorney for Plaintiffs

/s/MICHAEL J. NESTER
**MICHAEL J. NESTER**