IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVERS PHARMACY INC., d/b/a ) | |
| DAUBER PHARMACY, *et. al.*, ) | |
| ) | |
| Plaintiffs[1], ) | |
| ) | |
| vs. ) | Case No. 22-cv-2156-DWD |
| ) | |
| OPTUMRX, INC., successor by merger ) | |
| To Catamaran Corporation, and ) | |
| OPTUMRX, INC. in its own right, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 20), Plaintiffs' Motion to Remand (Doc. 23), Plaintiffs' Motion for Discovery (Doc. 31), and Defendant's Motion for Hearing (Doc. 59).

## Background

On August 2, 2022, Plaintiffs, consisting of 91 independently owned pharmacies located throughout the United States filed a complaint against Defendant OptumRX, Inc. in the Circuit Court of St. Clair County, Illinois (Doc. 1-1). As alleged in the Complaint, Plaintiffs are small-business, independent pharmacies throughout the United States (Doc. 1-1, ¶ 93). Plaintiffs are specifically alleged to be citizens of Arizona, California, Georgia, Idaho, Illinois, Indiana, Maryland, Michigan, Minnesota, Mississippi, New York, North

---

[1] Plaintiffs include 91 corporate pharmacies. Each Plaintiff is more fully described on the docket sheet. To assist with the efficiency and organization of these claims, the Court **FINDS** it appropriate to use an abbreviate case caption as this time.

1

Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Tennessee, Utah, Vermont, Virginia, Washington, West Virginia, and Wyoming (Doc. 1-1, ¶¶ 1-91).  Defendant is a California corporation, with its principal place of business in California, and a wholly owned subsidiary of United Health Corporation (Doc. 1-1, ¶ 94).

In July 2015, Defendant acquired and merged with the Illinois based Catamaran Corporation, which was headquartered in Schaumburg, Illinois (Doc. 1-1, ¶ 95). According to Plaintiffs, following the merger and until at least 2020, Defendant paid claims using two sets of systems (Doc. 1-1, ¶¶ 96-97).  For health plans which had contracted with Catamaran, claims were processed and paid in Illinois using the legacy Catamaran systems and personnel in Illinois (Doc. 1-1, ¶ 96).  For the Optum line of business, claims were processed through Optum's pre-existing facilities in California and Minnesota (*Id.*).  Plaintiffs seek redress against Defendant for alleged breaches of contract and violations of state and federal laws related to Defendant's reimbursement practices for prescription drugs (Doc. 1-1).

On September 14, 2022, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1332(a) asserting diversity jurisdiction (Doc. 1).  The parties do not dispute that the amount in controversy requirement is satisfied here.  However, complete diversity of citizenship does not appear on the face of the Complaint.  Indeed, Defendant and one Plaintiff, KM Network, Inc., d/b/a Courtyard Pharmacy are both citizens of California (Doc. 1, ¶ 13; Doc. 1-1, ¶¶ 44, 94).  Nevertheless, Defendant asks the Court to ignore KM Network, Inc.'s citizenship for subject-matter jurisdiction purposes (Doc. 1, ¶ 13).  Defendant argues that KM Network's claims have been misjoined because the Court

lacks personal jurisdiction over KM Network's claims and asks the Court to dismiss those claims (Doc. 1, ¶ 13). Plaintiffs disagree and move to remand (Doc. 23; Doc. 24).

Defendant also moves to dismiss Plaintiffs' Complaint for improper venue, lack of personal jurisdiction, and a failure to state a claim (Doc. 20). Defendant argues that Plaintiffs' contracts include a forum-selection clause that require all disputes to be arbitrated in either California or Minnesota (Doc. 20, pp. 2, 4).[2] Alternatively, Defendant asks that three categories of claims be dismissed for lack of personal jurisdiction.[3] Those claims include:

> (1) The claims of at least five out-of-state Plaintiffs, including KM Network, who have no connection to Illinois or Defendant's purported contacts in Illinois (Doc. 20, p. 8; Doc. 1, p. 24), and
>
> (2) The claims of out-of-state Plaintiffs that were submitted: (a) prior to Defendant's merger with Catamaran in July 2015 because Defendant had no connection to Illinois prior to this time, and (b) after February 2018 because Defendant no longer processed claims or had personnel in Illinois after February 2018 (Doc. 20, p. 10).[4]

Defendant categorizes Plaintiff KM Network, Inc.'s claims as those of a non-Illinois Plaintiff that submitted claims after February 28, 2018 (Doc. 20-4, ¶ 6).

---

[2] Defendant has filed petitions to compel arbitration against nearly all the Plaintiffs in this matter in the Central District of California and the California Superior Court (Doc. 20, p. 3) (*citing OptumRx, Inc. v. A & S Drugs LLC, et al.*, No. 8:22-cv-00468-FLA (C.D. Cal.); *OptumRx v. Odedra Enters., Inc., et al.*, No. 30-2022-01252611-CU-PT-CJC (Cal. Super. Ct.)). Defendant represents that its petitions are still pending.

[3] Defendant denies that the Court has general personal jurisdiction over it but concedes that the Court may have specific personal jurisdiction over it for some of Plaintiffs' Illinois-related claims (Doc. 1, pp. 26-27; Doc. 20, p. 9).

[4] According to Christian Bongartz, Defendant's Vice President of Technology, Defendant has processed all claims adjustments since February 2018 in Minnesota (Doc. 20-3, p. 3). However, Defendant does not indicate when all "personnel" may have left Illinois. Instead, Defendant's 2022 Pharmacy Provider Manual continues to list the address "1600 McConnor Parkway, Schaumburg, Illinois" as the contact address for requesting copies of "previously sent Pharmacy Communications." (Doc. 21-1, p. 218).

The parties further disagree as to which jurisdictional inquiry the Court should decide first. Defendant asks that the Court resolve its motion to dismiss prior to ruling on Plaintiffs' motion to remand because the personal jurisdiction inquiry is more straightforward (Doc. 1, pp. 27-28) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999)). Whereas Plaintiffs ask the Court to rule on its Motion to Remand first (Doc. 24). Alternatively, Plaintiffs move to conduct jurisdictional discovery prior to the Court ruling on Defendant's Motion to Dismiss (Doc. 31). Defendant opposes the Motion for Jurisdictional Discovery (Doc. 39), and further asks that the Court conduct a hearing on Plaintiff's Motion for Remand (Doc. 59). Plaintiffs oppose Defendant's request for a hearing (Doc. 60).

## Discussion

Federal courts have "leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citing *Ruhrgas AG*, 526 U.S. at 585, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100–101 (1998)). Thus, the Court is permitted to resolve underlying personal jurisdiction questions before first resolving issues of subject matter jurisdiction. Here, the Court finds that the question of its subject-matter jurisdiction to be the most straight-forward analysis. *See Ruhrgas AG*, 526 U.S. at 587–88 (if subject-matter jurisdiction involves "no arduous inquiry," then "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first"). Thus, the Court will resolve Plaintiffs' Motion to Remand first. In doing so, the Court **DENIES** Defendant's Motion for Hearing (Doc. 59). In reviewing the parties' briefs and

4

submissions, the Court finds that a hearing is unnecessary and would not assist in resolving the issues currently before the Court.

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Defendant, as the party seeking removal and invoking federal jurisdiction bears the burden of establishing federal jurisdiction. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Here, Defendant seeks to invoke the Court's diversity jurisdiction (Doc. 1). District courts have original jurisdiction of civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). The removal statute is construed narrowly and any doubts regarding jurisdiction are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c); *Collier*, 889 F.3d at 897.

In evaluating its subject matter jurisdiction, the court may consider "summary judgment-type evidence such as affidavits and deposition testimony," as long as it does not use this evidence "to 'pre-try' the case[.]" *CC Indus., Inc. v. ING/Reliastar Life Ins. Co.*, 266 F. Supp. 2d 813, 815–16 (N.D. Ill. 2003) (citations omitted) (considering whether requirements of diversity jurisdiction were satisfied); *see also Luster v. JRE Fin., LLC*, No. 3:21-CV-00698-MAB, 2022 WL 255408, at *6 (S.D. Ill. Jan. 27, 2022) ("Generally, the Court

is entitled to consider any 'evidence [that] sheds light on the situation which existed when the case was removed' to ascertain whether there is federal subject matter jurisdiction") (citing *Harmon v. OKI Sys.*, 115 F.3d 477, 480 (7th Cir. 1997); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 834 n.2 (S.D. Ill. 2006)).

In this case, it is undisputed that complete diversity does not exist on the face of the Complaint. Plaintiff, KM Network, Inc. and Defendant are both citizens of California (Doc. 1, ¶¶ 5-6; Doc. 1-1, ¶¶ 44, 94). Nevertheless, Defendant asks the Court to exclude KM Network, Inc.'s citizenship for the purpose of determining diversity jurisdiction, raising the same personal jurisdiction arguments at issue in its Motion to Dismiss (Doc. 1, ¶¶ 6, 125-137; Doc. 40, pp. 19-20). Defendant maintains that the Court lacks both general and specific personal jurisdiction over it concerning KM Network, Inc.'s claims (Doc. 1, ¶¶ 125- 137). As for general personal jurisdiction, Defendant argues that it is both incorporated and maintains its principal place of business in California (Doc. 1, ¶¶ 128-129). For specific personal jurisdiction, Defendant argues that it no longer processed claims in Illinois after February 2018 (Doc. 20-3), and that KM Network, Inc. did not submit claims to Defendant until November 23, 2019 (Doc. 20-4, ¶ 6). Accordingly, Defendant states that KM Network, Inc.'s citizenship should be ignored for purposes of subject-matter jurisdiction (Doc. 1, p. 24). Alternatively, Defendant argues that KM Network, Inc. is misjoined (Doc. 1, p. 28). [5]

---

[5]Defendant clearly states in its Memorandum in Opposition to Remand (Doc. 40) that it is *not* pursuing a fraudulently misjoinder or fraudulently joinder argument here. However, this contradicts with the statements in its Notice of Removal (Doc. 1) arguing that some of Plaintiffs' claims were "misjoined" (Doc. 1, ¶ 140). Further, in a footnote, Defendant does state that it believes KM Network was fraudulently joined (Doc. 40, p. 20, n.4).

Plaintiffs refute Defendant's personal jurisdiction analysis, arguing instead that Defendant continues to maintain contacts in Illinois such that personal jurisdiction exists here for all of Plaintiffs' claims (Doc. 24, pp. 4-5). Among other alleged contacts, Plaintiffs specifically refer to Defendant's provider manuals which suggest that Defendant continues to conduct its pharmacy relations out of Schaumburg, Illinois, where Defendant continues to lease a corporate office (Doc. 24, pp. 4-5; Doc. 28; *see also* Doc. 21-1, p. 218) (Defendant's 2022 Pharmacy Provider Manual lists the address "1600 McConnor Parkway, Schaumburg, Illinois" as the contact address for requesting copies of "previously sent Pharmacy Communications.").[6] Plaintiffs also insist that the doctrines of fraudulent misjoinder and procedural misjoinder are inapplicable here (Doc. 24, pp. 7-16).

The Court need not delve into the disputed facts concerning Defendant's contacts or KM Network's claims' connections with the State of Illinois because it is free to choose among threshold grounds for denying to a case on the merits. *See Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 821 (7th Cir. 2016). Here, there is no complete diversity of citizenship, and thus subject matter jurisdiction does not exist. While Defendant complains that Plaintiffs' "structural[ly] manuever[ed]" their complaint to block access to federal courts, this type of gamesmanship is "not necessarily improper under the jurisprudence of this Circuit." *In re Yasmin & Yaz (Drospirenone) Mktg., Sales*

---

[6] Defendant does not dispute that some of its business functions were handled in Illinois, but instead states that this inquiry is irrelevant and only bears on Plaintiffs' complaint generally, opposed to establishing specific jurisdiction over KM Network, Inc.'s individual claims (Doc. 40, pp. 15-17); *see, e.g.*, *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 198 L. Ed. 2d 395 (June 19, 2017) (personal jurisdiction must be decided on a claim-by-claim basis).

*Pracs. & Prod. Liab. Litig.*, 779 F. Supp. 2d 846, 857 (S.D. Ill. 2011) (expressing concerns about procedural manipulation to usurp removal jurisdiction under the Class Action Fairness Act but finding that "the Court does not have the authority to remedy the misjoinder.") (citing *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000).

As the Seventh Circuit has explained even if plaintiffs add a non-diverse defendant to prevent removal, "that is their privilege; plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum. Neither § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the clams be real, that the parties not be nominal." *Id.*; *see also In re Paraquat Prod. Liab. Litig.*, No. 22-PQ-1102, 2022 WL 3754820 (S.D. Ill. Aug. 30, 2022), at *4–5. Instead, some courts have speculated that the better approach is for parties to seek severance in state court prior to removal. *Id.* at 855 (collecting cases).

Further, the doctrine of fraudulent misjoinder or "procedural misjoinder" has been repeatedly rejected by courts in this District. *See In re Paraquat Products Liability Litigation*, 2022 WL 3754820, at *4–5; *Feeley v. Bayer Corp.*, No. 18-CV-2090-NJR-GCS, 2019 WL 4261545, at *3 (S.D. Ill. Sept. 9, 2019) (collecting cases and declining to recognize the doctrine of fraudulent misjoinder until instructed otherwise by the Seventh Circuit Court of Appeals); *Roland v. Janssen Rsch. & Dev., LLC*, No. 3:17-CV-00582-DRH, 2017 WL 3033786, at *2 (S.D. Ill. July 18, 2017) (collecting cases). Similarly, Defendant has not cited any controlling case law establishing that the doctrine of fraudulent joinder applies to plaintiffs, and courts in this district routinely decline to apply fraudulent joinder to

plaintiffs.  *See Feeley*, 2019 WL 4261545, at *3 (citing *Reeves v. Pfizer, Inc.*, 880 F. Supp. 2d 926, 928 (S.D. Ill. 2012) ("Without contrary direction from the Seventh Circuit, this Court finds that extending the doctrine of fraudulent joinder to joinder of plaintiffs would be, like fraudulent misjoinder, a massive increase to this Court's jurisdiction."))

Here, the claims of the California KM Network, Inc. are just as "real" as those of the other plaintiffs in the complaint.  *See In re Paraquat Products Liability Litigation*, 2022 WL 3754820, at *4–5 (*citing Garbie*, 211 F.3d at 410)) ("'Neither § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims be real, that the parties not be nominal.'").  Plaintiffs allege that KM Network, Inc. submitted claims for reimbursement to Defendant when Defendant was conducting its alleged fraudulent reimbursement scheme in violation of the parties' contracts and other state laws (*See generally*, Doc. 1-1). Plaintiffs allege this scheme was in place since January 1, 2013 (*See Id.*, at ¶ 104). Therefore, based on the current record before the Court, KM Network, Inc. is not a nominal party, and the Court will not disregard it.

## Conclusion

Because the parties are not completely diverse, the case should not have been removed in the first place. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remand (Doc. 23) and **REMANDS** this case to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois for lack of subject matter jurisdiction.

In light of this Order, the Court **DENIES as moot** all pending motions.

Finally, although complete diversity did not exist at the time of removal, neither the Seventh Circuit Court of Appeals nor the United States Supreme Court have addressed the validity of the fraudulent misjoinder doctrine. Thus, the Court declines to award fees or expenses under 28 U.S.C. § 1447(c).

**SO ORDERED.**

Dated: January 17, 2023

_____
DAVID W. DUGAN
United States District Judge